Charles P. Maher, State Bar No. 124748
Jeffrey L. Fillerup, State Bar No. 120543
Nhung Le, State Bar No. 209552
LUCE, FORWARD, HAMILTON & SCRIPPS LLP
Rincon Center II, 121 Spear Street, Suite 200
San Francisco, California 94105-1582
Telephone No.: 415.356.4600
Fax No.: 415.356.4610

Attorneys for Andrea A. Wirum
Trustee in Bankruptcy

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re RAMIN YEGANEH,<br><br>Debtor. | Case No. 07-03256 JSW<br>Chapter 7 |
| CHARLES E. SIMS, Trustee,<br><br>Appellee,<br><br>v.<br><br>ALLIED MANAGEMENT TRUST and K. YEGANEH aka KEN YEGANEH aka KAIKHOSROW YEGANEH,<br><br>Apellants. | Bankruptcy Adversary Proceeding No. 05-3241 TC |

**DECLARATION OF CHARLES P. MAHER IN CONNECTION WITH ORDER TO SHOW CAUSE**

I, Charles P. Maher, declare as follows:

1.    I am an attorney with the law firm of Luce, Forward, Hamilton & Scripps, LLP, counsel of record to Andrea A. Wirum, Trustee in Bankruptcy of the estate of Ramin Yeganeh, and successor-in-interest to Charles E. Sims, the Plaintiff named in the above adversary proceeding. Mr. Sims died in September 2006 and Ms. Wirum was appointed in his place.

2.    I file this declaration to correct or clarify the response of Allied Management Trust and K. Yeganeh to the Court's Order to Show Cause why the appeal of a summary judgment

1

issued by the United States Bankruptcy Court should not be dismissed for failure to prosecute. The response is not accurate in several respects.

3. In the early part of 2007, I engaged in settlement discussions of the adversary proceeding currently on appeal and three other adversary proceedings. All four adversary proceedings involve the parents of the Debtor Ramin Yeganeh. Motions for summary judgment in all four adversary proceedings were heard in the Bankruptcy Court on November 15, 2006. Bankruptcy Judge Carlson ruled in favor of the Trustee from the bench in the above adversary proceeding and indicated he would issue an order granting the motion. He took the motions in the other three adversary proceedings under submission. Subsequently, at my request, the Court refrained from issuing written decisions in all four adversary proceedings because settlement discussions had begun. Seven months later, in June 2007, the discussions were failing. On behalf of the Trustee, Jeffrey Fillerup of my office and I asked Judge Carlson to issue a formal order granting summary judgment in the above adversary proceeding consistent with his ruling from the bench on November 15, 2006. The order was entered in the bankruptcy docket on June 13, 2007. The summary judgment itself was entered in the bankruptcy docket on July 30, 2007.

4. The above appeal is the third appeal in this bankruptcy case, and the second appeal related to the above adversary proceeding. The Appellants failed to prosecute the related appeal in District Court Case No. 06-06782 MJJ. The opening brief was due on December 29, 2006. The opening brief was not filed. On September 28, 2007, the District Court issued an order to show cause why the appeal should not be dismissed. An authentic copy of the OSC is attached as **Exhibit A**. The Appellants responded to the OSC in writing. After considering the response, the District Court dismissed the appeal for lack of prosecution. An authentic copy of the October 30, 2007, order dismissing that appeal is attached as **Exhibit B**.

5. In August 2007, William Gilg, who indicated he would be prosecuting the above appeal on behalf of the Appellants, asked me to stipulate to an extension of time for him to file his opening brief in the above appeal. I agreed and executed a stipulation. The reason expressed to me was a crush of work that prevented Mr. Gilg from preparing the briefs according to the schedules issued by this Court and the Ninth Circuit.

6.  On September 21, 2007, I wrote to William Gilg, Jonathan Chance (who had been trial counsel in the above matter), and Ramin Yeganeh, the Debtor, to state with finality that settlement discussions had failed and that the Trustee intended to ask the Bankruptcy Court to reactivate its consideration of the summary judgment motions in the three related adversary proceedings. Attached as **Exhibit C** is an authentic copy of my September 21, 2007, letter.

7.  On September 25, 2007, I filed notices of status conference in the three adversary proceedings still pending in the Bankruptcy Court. An authentic copy of the notice in one of those adversary proceedings is attached as **Exhibit D**.

8.  Between September 21, 2007, and October 21, 2007, the date on which the Appellant's opening brief in the above appeal was due, there were no active settlement discussions.

9.  By the time I sent my September 21, 2007, letter, Mr. Gilg had filed his opening appellate brief in the Ninth Circuit. On behalf of the Trustee, my office filed the opposition brief.

10. On October 3, 2007, two days before the scheduled status conference in the three pending adversary proceedings, I received a telephone call from Jonathan Chance, one of the attorneys for the Appellants. Mr. Chance indicated he was unavailable on October 5, 2007, and asked me to continue the status conference. It was re-scheduled for October 19, 2007. I explained to Mr. Chance that settlement discussions had collapsed two weeks earlier and explained why the Trustee was unwilling to discuss settlement further.

I declare under penalty of perjury that the above statements are true and that if called as a witness I could and would testify to their truthfulness. This declaration is executed on the ___ day of December 2007 in San Francisco, California.

_____
Charles P. Maher

301025833.2

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CHARLES E SIMS,

    Plaintiff,

v.

F NAMDARAN,

    Defendant.

No. C06-06782 MJJ

**ORDER TO SHOW CAUSE**

    The Court has received no opening brief from appellant in this bankruptcy appeal. Pursuant to this Court's Notice of Briefing entered November 29, 2006 (Docket No. 4), appellant's opening brief was due on December 29, 2006.

    Appellant is hereby **ORDERED** to show good cause in writing, **by Wednesday, October 3, 2007,** why no opening brief has been filed to date, and why the appeal should not be dismissed for failure to prosecute. Failure to respond to this order will result in the imposition of sanctions, which may include dismissal of the appeal.

**IT IS SO ORDERED.**

Dated: September 27, 2007

                                                 MARTIN J. JENKINS
                                               UNITED STATES DISTRICT JUDGE



**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES E SIMS,<br><br>   Plaintiff,<br><br>v.<br><br>F NAMDARAN,<br><br>   Defendant.<br>_____/ | No. C06-06782 MJJ<br><br>**ORDER DISMISSING APPEAL** |

  The Court hereby **DISMISSES** this bankruptcy appeal for failure to prosecute pursuant to FED. R. CIV. P. 41(b).

  Appellants have failed to comply with scheduling deadlines for this appeal in accord with the Notice of Briefing entered November 29, 2006. (Docket No. 4.) Pursuant to the Notice of Briefing, Appellants' opening brief was due December 29, 2006. Appellants did not file an opening brief, did not seek an extension of time, and provided no explanation of their failure to prosecute this appeal for more than nine months.

  On September 27, 2007, the Court ordered Appellants to show good cause by October 3, 2007, why no opening brief had been filed and why the Court should not dismiss the appeal for failure to prosecute. (Docket No. 6.) Appellants did not respond to the Court's Order until October 11, 2007. (Docket No. 7.)[1]

---

[1] The Court finds Appellants' explanation for their delay in responding to the Order To Show Cause excusable. An address discrepancy delayed Appellants' response to the OSC. The Court will therefore consider the substance of Appellants' explanation for their failure to prosecute the bankruptcy appeal.



1    The Court finds that Appellants have not offered an explanation that constitutes good cause
2    for failure to comply with the briefing schedule set by this Court.  Appellants have also not
3    established that their failure to file a timely opening brief was caused by mistake, inadvertence, or
4    excusable neglect.  To the contrary, Appellants concede that they were fully aware of the deadline
5    but chose not to expend the resources to pursue the appeal because they were engaged in settlement
6    negotiations at the time.  Pursuit of settlement negotiations alone does not constitute good cause for
7    failing to file an opening brief or for failing to request a continuance of the briefing schedule.  Even
8    if the parties were engaged in dispositive settlement talks, it was Appellants' responsibility either to
9    proceed with the appeal or to timely request a continuance from the Court.  Appellant's only other
10   proffered argument – that they have "never been reminded" by the Court to file the opening brief –
11   borders on frivolous and disregards Appellants' obligations to comply with Court orders and to
12   diligently prosecute their appeal.  Appellant's conduct constitutes sufficient negligence, indifference,
13   or both, to warrant dismissal.  *See In re Beverly Mfg. Corp.*, 778 F.2d 666, 667 (11th Cir. 1985); *In
14   re Tampa Chain Co., Inc.* 835 F.2d 54, 55-56 (2d. Cir. 1987).

15   Accordingly, the Court **DISMISSES** the appeal failure to prosecute pursuant to FED. R. CIV.
16   P. 41(b).  The Clerk of the Court is **DIRECTED** close the file.

18   **IT IS SO ORDERED.**

21   Dated: October 30, 2007
                                            _____
22                                          MARTIN J. JENKINS
                                            UNITED STATES DISTRICT JUDGE

**EXHIBIT B**



**LUCE FORWARD**
ATTORNEYS AT LAW · FOUNDED 1873
LUCE, FORWARD, HAMILTON & SCRIPPS LLP

121 Spear Street
Suite 200
San Francisco, CA 94105
415.356.4600
415.356.4610 fax
www.luce.com

September 21, 2007

<u>**VIA FACSIMILE (650) 873-3168**</u>

William E. Gilg, Esq.
305 San Bruno Avenue West
San Bruno, CA 94066

<u>**VIA FACSIMILE (650) 429-2048**</u>

Jonathan G. Chance, Esq.
JC Law Offices
205 East 3rd Avenue, Suite 411
San Mateo, CA 94401

<u>**VIA FACSIMILE (650) 343-0593**</u>

Mr. Ramin Yeganeh
724 East 4th Avenue
San Mateo, CA 94401

Re: <u>**In re Ramin Yeganeh, Case No. 05-30047 TEC, Chapter 7**</u>

Gentlemen:

Based on recent discussions with Mr. Yeganeh, it appears that we will not be able to conclude a settlement along the lines that were discussed beginning in November of last year. Accordingly, we will be serving a notice of status conference in each of the three remaining fraudulent conveyance adversary proceedings and will be asking Judge Carlson to rule on the motion in each at the earliest possible time. If Judge Carlson grants the motions, the Trustee will proceed to liquidate the property. If he denies the motions, we will begin again where we left off in mid-2006 when the Trustee decided to file summary judgment motions. There was a lot of work in preparation for trial that was not done. It will be done now if the motions are denied. I anticipate that the cost of preparing for and closing the trial (and dealing with any subsequent appeals) will result in expenditure of hundreds of thousands of dollars in attorneys fees and costs.

Sincerely,

Charles P. Maher

CPM/nq
cc: Andrea A. Wirum, Trustee
    Jeffrey L. Fillerup, Esq.

301017060.1

**EXHIBIT C**

1  Charles P. Maher, State Bar No. 124748
   Jeffrey L. Fillerup, State Bar No. 120543
2  Nhung Le, State Bar No. 209552
   LUCE, FORWARD,
3  HAMILTON & SCRIPPS LLP
   Rincon Center II, 121 Spear Street, Suite 200
4  San Francisco, California 94105-1582
   Telephone No.: 415.356.4600
5  Fax No.: 415.356.4610

6  Attorneys for Andrea A. Wirum
   Trustee in Bankruptcy
7

ELECTRONICALLY FILED

SEP 25 2007

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| In re RAMIN YEGANEH, | Case No. 05-30047 TEC |
|---|---|
| Debtor. | Chapter 7 |
| CHARLES E. SIMS, Trustee, | Adversary Proceeding No. 05-3242 TC |
| Plaintiff, | |
| v. | **NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING** |
| COAST DEVELOPMENT TRUST and FARIN YEGANEH aka F. NAMDARAN aka FRAN NAMDARAN aka FARIN NAMDARAN aka FRAN YEGANEH, | Date: October 5, 2007<br>Time: 9:30 a.m.<br>Place: 235 Pine Street, 23rd Floor<br>San Francisco, CA 94104<br>Court: Hon. Thomas E. Carlson |
| Defendants. | |

TO: **DEFENDANTS AND THEIR COUNSEL OF RECORD**

**PLEASE TAKE NOTICE** that on October 5, 2007, a hearing will be held in the above adversary proceeding on the status of the above adversary proceeding. Plaintiff intends to ask the Court to address Plaintiff's motion for summary judgment which was heard on November 15, 2006. The motion was taken under submission but has been held in abeyance at the request of Plaintiff while settlement discussions ensued. Given the apparent failure of settlement

//

**EXHIBIT D**

1

1  discussions, Plaintiff believes the Court should take the motion under consideration at this time
2  and issue a ruling.

3  DATED: September 25, 2007    LUCE, FORWARD, HAMILTON & SCRIPPS LLP

5  By: *[signature: Charles P. Maher]*
6  Charles P. Maher,
   Counsel for Plaintiff, Andrea A. Wirum

7  301017063.1

2

**EXHIBIT D**

1  Charles P. Maher, State Bar No. 124748
   Jeffrey L. Fillerup, State Bar No. 120543
2  Nhung Le, State Bar No. 209552
   LUCE, FORWARD, HAMILTON & SCRIPPS LLP
3  Rincon Center II, 121 Spear Street, Suite 200
   San Francisco, California 94105-1582
4  Telephone No.: 415.356.4600
   Fax No.: 415.356.4610
5
   Attorneys for Andrea A. Wirum
6  Trustee in Bankruptcy

7

8                  UNITED STATES DISTRICT COURT

9              FOR THE NORTHERN DISTRICT OF CALIFORNIA

10 | In re RAMIN YEGANEH, | Case No. 07-03256 JSW |
11 |                      |                       |
12 |       Debtor.        |                       |
13 | CHARLES E. SIMS, Trustee, | Bankruptcy Adversary Proceeding |
14 |       Appellee,           | No. 05-3241 TC                  |
15 | v.                   |                       |
16 | ALLIED MANAGEMENT TRUST and K. YEGANEH aka KEN YEGANEH aka KAIKHOSROW YEGANEH, | |
17 |                      |                       |
18 |       Appellants.    |                       |

19

20                    **CERTIFICATE OF SERVICE**

21     I, Alissa V. Worthing, declare:

22     I am employed in the City and County of San Francisco, State of California. I am over the

23 age of 18 years and not a party to the within action; my business address is Luce, Forward, Hamilton

24 & Scripps LLP, Rincon Center Two, 121 Spear Street, Suite 200, San Francisco, California 94105.

25     On the date of execution hereof, at my place of business, I served true and correct copies of

26 the following:

27 / / /

28 / / /

**DECLARATION OF CHARLES P. MAHER
IN CONNECTION WITH ORDER TO SHOW CAUSE**

on the parties listed below:

☒ **BY FACSIMILE TRANSMISSION**: By causing a true facsimile thereof to be electronically transmitted to the parties by using their facsimile number indicated below.

William E. Gilg, Esq.
305 San Bruno Avenue West
San Bruno, CA  94066

FAX:  (650) 873-3168

   I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.  Executed on December 28, 2007, in San Francisco, California.

_____
ALISSA V. WORTHING

301026081.1

12/28/2007 11:54 AM
11:54 AM

## Worthing, Alissa

| | |
|---|---|
| **From:** | SFRightFAX E-mail Gateway |
| **Posted At:** | Friday, December 28, 2007 11:54 AM |
| **Conversation:** | Your fax has been successfully sent to William E. Gilg at 1-650-873-3168. |
| **Posted To:** | Inbox |
| **Subject:** | Your fax has been successfully sent to William E. Gilg at 1-650-873-3168. |

```
Your fax has been successfully sent to William E. Gilg at 1-650-873-3168.
-----------------------------------------------------------
From: Alissa Worthing for Charles P. Maher
Client: 33156
Matter: 00001
-----------------------------------------------------------
Time: 12/28/07 11:48:31 AM
Sent to 1-650-873-3168 with remote ID "650 873 3168"
Result: (0/339;0/0) Successful Send
Page record: 1 - 12
Elapsed time: 04:32 on channel 0
```