1  Charles P. Maher, State Bar No. 124748
   LUCE, FORWARD, HAMILTON & SCRIPPS LLP
2  Rincon Center II, 121 Spear Street, Suite 200
   San Francisco, California 94105-1582
3  Telephone No.: 415.356.4600
   Fax No.: 415.356.4610
4  E-Mail: cmaher@luce.com

5

   Attorneys for Appellee
6  Andrea A. Wirum, Successor-in-Interest to
   Charles E. Sims
7

8                     UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10

11
   In Re RAMIN YEGANEH,                    Case No. C 07-03256 JSW
12
        Debtor,
13
   _____
14                                         Bankruptcy Case No. 05-30047 TEC
   CHARLES E. SIMS, Trustee,               Adversary Pro. No. 05-3241 TEC
15
        Plaintiff/Appellee,
16
   v.
17
18 ALLIED MANAGEMENT TRUST, and KEN        **ADMINISTRATIVE MOTION TO**
   YEGANEH,                                **CONSIDER WHETHER CASES**
19                                         **SHOULD BE RELATED**
        Defendants/Appellants.
20
   _____
21

22

23        Andrea A. Wirum, Trustee in Bankruptcy of the estate of the above Debtor, and successor-in-

24 interest to Charles E. Sims as Trustee and as Plaintiff and Appellee in the above matter, respectfully

25 represents:

26        1.     The above appeal was commenced by the filing of a notice of appeal on June 15, 2007.

27 Appeals of interlocutory orders in three separate but legally and factually similar adversary

28 proceedings involving the same parties were commenced on March 6, 2008, and are now pending in

                                            1

1  the District Court:

2      (a)    District Court Case No. C-08-01399 CW  (Sims v. F. Namdaran)

3      (b)    District Court Case No. C-08-01400 MHP  (Sims v. Coast Development Trust)

4      (c)    District Court Case No. C-08-01401 JSW  (Sims v. Advanta Trust)

5      2.    Appellee contends that the three new appeals are cases related to the above appeal.

6      3.    The above-captioned appeal is currently being briefed.  The order being appealed is a

7  summary judgment entered by the United States Bankruptcy Court in Adversary Proceeding No. 05-

8  3241 (Charles E. Sims v. Allied Management Trust, et al.).  The underlying action was a complaint for

9  avoidance and recovery of fraudulent transfers of real property by Ramin Yeganeh, the Debtor in the

10  above bankruptcy case, to what appears to be a sham trust for the benefit of the Debtor's father, K.

11  Yeganeh, and subsequent transfers to K. Yeganeh himself.  The Bankruptcy Court's judgment

12  "avoided" the transfers under California's version of the Uniform Fraudulent Transfer Act.

13      4.    In 2005, the Trustee filed the complaint against Allied Management Trust and

14  complaints against F. Namdaran, Coast Development Trust, and Advanta Trust based on the same

15  legal theories:  intentionally or constructively fraudulent transfers of real property to insiders.  F.

16  Namdaran is the maiden name of the Debtor's mother.  Coast Development Trust is believed to be a

17  sham trust for the benefit of either the Debtor's mother or the Debtor's father.  Advanta Trust is

18  believed to be a sham trust formed for the benefit of the Debtor's father or the Debtor's mother.

19      5.    All four adversary proceedings were based on similar facts and involve identical

20  parties:  the Debtor's parents and the bankruptcy trustee of the Debtor's estate.

21      6.    The Trustee filed motions for summary judgment in all four adversary proceedings.

22  The motions were based on identical legal theories and very similar factual circumstances.  The

23  Defendants filed counter-motions for summary judgment in each adversary proceeding.

24      7.    The summary judgment motions of Plaintiff and Defendant in all four adversary

25  proceedings were heard on the same day, November 15, 2006. The Bankruptcy Court ruled from the

26  bench that Plaintiff had prevailed on her summary judgment motion in the above action against Allied.

27  The Bankruptcy Court's consideration of the motions in the other three cases was delayed in response

28  to the request of the parties while settlement discussions were pending.

1    8.    The Bankruptcy Court denied all motions for summary judgment in an identical order

2    filed in each of the three adversary proceedings.  An authentic copy of that order is attached to the

3    Declaration of Charles P. Maher as Exhibit A.

4    9.    On March 6, 2008, the Debtor's parents filed separate notices of appeal of identical

5    orders denying the Defendants' and Trustee's summary judgment motions in each of the three

6    adversary proceedings.  The notices of appeal commenced the District Court cases identified in

7    paragraph 1 above.

8    10.    Unlike the summary judgment against Allied on appeal in the above-captioned action,

9    the orders denying the Defendants' summary judgment motion in the three appeals identified in

10    paragraph 1 are interlocutory orders.  Under 28 U.S.C. § 158(a), the District Court does not have

11    jurisdiction to hear appeals of them unless it grants the Defendants leave to appeal.  The Trustee is in

12    the process of preparing motions to dismiss each appeal under Rule 12(b)(1) of the Federal Rules of

13    Civil Procedure for lack of subject matter jurisdiction.

14    11.    Civil Local Rule 7-11(a) requires parties to seek a stipulation from the opposing parties

15    to the relief sought in an administrative motion.  On March 18, 2008, counsel for the Trustee

16    requested a stipulation from William E. Gilg who commenced the three recent appeals and who is

17    counsel of record in the above action.  Counsel received the signed stipulation on March 24, 2008.  An

18    authentic copy is attached as Exhibit B to the Declaration of Charles P. Maher.

19    12.    A proposed form of order is attached as Exhibit C to the Declaration of Charles P.

20    Maher.

21    13.    On March 25, 2008, the Honorable Jeffrey S. White issued a Sua Sponte Judicial

22    Referral for Purposes of Determining Relationship of Cases in the above appeal and in Case No. C-08-

23    01401, which is one of the new appeals identified in paragraph 1 above.  The referral was to the

24    Honorable Claudia Wilken who in 2006 disposed of an appeal by Debtor Ramin Yeganeh of an order

25    authorizing a compromise proposed by the Trustee in the main bankruptcy case (District Court Case

26    No. C-06-2788 CW).  Judge Wilken has been assigned one of the new appeals identified in paragraph

27    1 above (Case No. C-08-01399 CW).

28

3

1      14.    The appeal in Case No. C-06-2788 CW involved an order by the Bankruptcy Court

2  authorizing a compromise relating to the validity, amount, and priority of certain claims asserted

3  against the Debtor by certain creditors and overruling the Debtor's objection to it.

4      15.    The appeal in the above case and the appeals in the three new cases identified in

5  paragraph 1 above arise from complaints for recovery of fraudulent transfers of real property by

6  Debtor Ramin Yeganeh to his parents or trusts allegedly established for their benefit.

7      16.    The Appellee in the above case is of the view that the above case and the three new

8  cases identified in paragraph 1 above are related to each other but not technically related to the prior

9  appeal in Case No. C-06-2788 CW because strictly speaking the same parties, property, transaction, or

10  event are not involved as required by Civil Local Rule 3-12(a)(1). However, the Appellee does not

11  contest reassignment of any of the appeals to Judge Wilken.

12      WHEREFORE Appellee requests that the Court determine that the appeals identified in

13  paragraph 1 above are cases related to the above-captioned action and should be transferred to the

14  Honorable Jeffrey S. White.

16  DATED: March ____, 2008      LUCE, FORWARD, HAMILTON & SCRIPPS LLP

18  By: _____
19               Charles P. Maher
                Counsel for Andrea A. Wirum, successor in interest to
20                Charles E. Sims

301033832.1

4

1  Charles P. Maher, State Bar No. 124748
   LUCE, FORWARD, HAMILTON & SCRIPPS LLP
2  Rincon Center II, 121 Spear Street, Suite 200
   San Francisco, California 94105-1582
3  Telephone No.: 415.356.4600
   Fax No.: 415.356.4610
4  E-Mail: cmaher@luce.com

5

   Attorneys for Appellee
6  Andrea A. Wirum, Successor-in-Interest to
   Charles E. Sims

7

8                  UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

11  In Re RAMIN YEGANEH,                    Case No. C 07-03256 JSW

12        Debtor,

13  _____

14  CHARLES E. SIMS, Trustee,               Bankruptcy Case No. 05-30047 TEC
                                            Adversary Pro. No. 05-3241 TEC
15        Plaintiff/Appellee,

16  v.

17                                          **DECLARATION OF CHARLES P.**
    ALLIED MANAGEMENT TRUST, and KEN        **MAHER IN SUPPORT OF**
18  YEGANEH,                                **ADMINISTRATIVE MOTION**

19        Defendants/Appellants.

20  _____

21        I, Charles P. Maher, declare as follows:

22        1.      I am an attorney with the law firm of Luce, Forward, Hamilton & Scripps, LLP,

23  counsel of record to Andrea A. Wirum, Trustee in Bankruptcy of the estate of the above Debtor, and

24  successor-in-interest to Charles E. Sims, the former Trustee, and Appellant in the above case.  Mr.

25  Sims died in September 2006.  Ms. Wirum was appointed to succeed him as Trustee.

26        2.      The above appeal was commenced by the filing of a notice of appeal in the United

27  States Bankruptcy Court on June 15, 2007.  The order from which appeal was taken was a summary

28  judgment in favor of the Trustee.

                                            1

3.     The adversary proceeding in which summary judgment was entered was one of four adversary proceedings brought by the Trustee to "avoid" as fraudulent the Debtor's transfer of real property to his parents or trusts allegedly created for their benefit.  The legal theories were identical. The parties in all four adversary proceedings were the Trustee, the Debtor's parents, and the alleged trusts.  The factual circumstances in each adversary proceeding was similar to the circumstances in all of the other adversary proceedings.

4.     After the Bankruptcy Court heard the motions of the Trustee and the Defendants for summary judgment on November 15, 2006, the Court indicated that it would issue rulings. Immediately after the hearing, I engaged in settlement discussions with the Defendants and conveyed a joint request to the Bankruptcy Court that rulings be withheld pending the outcome of settlement discussions.

5.     Settlement discussions collapsed and in June 2007, the Bankruptcy Court issued its summary judgment in the above-captioned case.  The Defendants filed a notice of appeal on June 15, 2007.  Settlement discussions resumed once again, and a joint request that a ruling in the other three adversary proceeding was conveyed to the Bankruptcy Court.  These discussions subsequently failed. The Bankruptcy Court was informed of this failure and, on February 28, 2008, issued an identical order in each of the remaining adversary proceedings denying the Defendants' motion for summary judgment and denying the Plaintiff's motion for summary judgment.   An authentic copy of the February 28, 2008, order is attached as **Exhibit A**.  On March 6, 2008, the Defendants filed a notice of appeal of the February 28, 2008, order in each adversary proceeding.  All three appeals have been directed to the United States District Court and have been given the following numbers:

(a)     District Court Case No. C-08-01399 CW  (Sims v. F. Namdaran)

(b)     District Court Case No. C-08-01400 MHP  (Sims v. Coast Development Trust)

(c)     District Court Case No. C-08-01401 JSW  (Sims v. Advanta Trust)

6.     The new appeals and the above appeal appear to be related cases.  Consistent with Civil Local Rule 7-11(a) of the United States District Court for the Northern District of California, I contacted William E. Gilg, the attorney who filed the notices of appeal in each of the three adversary proceedings on behalf of the Defendants, and suggested that Mr. Gilg stipulate that the three new

2

1    appeals are cases related to the above-captioned appeal.  I made this communication by letter dated

2    March 18, 2008, and conveyed with my letter a proposed stipulation.  Mr. Gilg signed the stipulation.

3    I received it on March 24, 2008.  An authentic copy of the signed stipulation is attached as **Exhibit B**.

4           7.      I have prepared a proposed form of order stating that the three appeals identified in

5    paragraph 5 above are cases related to the above-captioned appeal.  The proposed form of order is

6    attached as **Exhibit C**.

7           8.      On March 25, 2008, I received electronic notice from the United States District Court

8    that the Honorable Jeffrey S. White had issued a Sua Sponte Judicial Referral for Purposes of

9    Determining Relationship of Cases.  At the time I received the referral order, I had nearly completed

10   this declaration and the administrative motion which it supports.

11         I declare under penalty of perjury that the above statements are true and that if called as a

12   witness I could and would testify to their truthfulness.  This declaration is executed on the 25th day of

13   March 2008 in San Francisco, California.

_____

Charles P. Maher

20   301033965.1

# EXHIBIT A

# EXHIBIT A

Entered on Docket
February 28, 2008
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

Signed and Filed: February 28, 2008

_____
THOMAS E. CARLSON
U.S. Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| In re | ) | Case No: 05-30047 TEC |
| RAMIN YEGANEH, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| CHARLES E. SIMS, Trustee, | ) | Adv. Proc. 05-3240 TC |
| Plaintiff, | ) | |
| v. | ) | |
| F. NAMDARAN aka FRAN NAMDARAN | ) | |
| aka FARIN NAMDARAN aka FARIN | ) | |
| YEGANEH aka FRAN YEGANEH, | ) | |
| Defendant. | ) | |
| | ) | |
| CHARLES E. SIMS, Trustee, | ) | |
| Plaintiff, | ) | Adv. Proc. 05-3242 TC |
| v. | ) | |
| COAST DEVELOPMENT TRUST and | ) | |
| FARIN YEGANEH aka F. NAMDARAN aka | ) | |
| FRAN NAMDARAN aka FARIN NAMDARAN | ) | |
| aka FRAN YEGANEH, | ) | |
| Defendants. | ) | |

ORDER RE CROSS MOTIONS
FOR SUMMARY JUDGMENT                -1-

```
 1                                  )
    CHARLES E. SIMS,                )    Adv. Proc. 05-3243 TC
 2                                  )
                    Plaintiff,      )
 3                                  )
    v.                              )
 4                                  )
    ADVANTA TRUST and FARIN YEGANEH )
 5  aka F. NAMDARAN aka FRAN NAMDARAN)
    aka FARIN NAMDARAN aka FRAN     )
 6  YEGANEH,                        )
                                    )
 7                  Defendants.     )
    _____)
 8
```

### ORDER RE TRUSTEE'S AND DEFENDANTS'
### CROSS MOTIONS FOR SUMMARY JUDGMENT

The court held a hearing on November 15, 2006 on Trustee's and Defendants' cross motions for summary judgment. Jeffery L. Fillerup and Nhung Le appeared for Trustee. Jonathan G. Chance appeared for Defendants.

Upon request of the parties, the court deferred ruling on the cross motions to allow the parties time to discuss settlement. On November 9, 2007, the parties informed the court that settlement efforts had failed, and requested that the court rule on the cross motions.

Upon due consideration, the court hereby orders as follows:

(1)  Plaintiff's motion for summary judgment is denied.

(2)  Defendants' cross motion for summary judgment is denied.

(3)  For purposes of this order:

    (a)  The "**San Mateo Properties**" means the following real property involved in the action against Coast Development Properties (A.P. No. 05-3242): (i) 627 Prospect Row, San Mateo, CA; (ii) 48 N. Grant St., San Mateo, CA; and (iii) 718 E. 4th St., San Mateo, CA.

ORDER RE CROSS MOTIONS
FOR SUMMARY JUDGMENT            -2-

1     (b)   The **"East Bay Properties"** means the following real
2           property involved in the action against Advanta Trust
3           (A.P. No. 05-3243): (i) 6853 Simson St., Oakland, CA; and
4           (ii) 394 Sparling Drive, Hayward, CA.
5     (c)   The **"Peninsula Properties"** means the following real
6           property involved in the action against Fran Namdaran
7           (A.P. No. 05-3240): (i) 1659 Linda Mar Blvd, Pacifica, CA;
8           (ii) 115 Francisco Dr., South San Francisco, CA; and (iii)
9           139 Francisco Drive, South San Francisco, CA.
10    (d)   The **"Oakland Properties"** means the following real property
11          involved in the action against Allied Management Trust
12          (A.P. No. 05-3241): (i) 2462 Taylor Avenue, Oakland, CA;
13          (ii) 2300 Auseon Avenue, Oakland, CA; (iii) 1012 73rd
14          Avenue, Oakland, CA; (iv) 1278 79th Avenue, Oakland, CA;
15          and (v) 1086 69th Avenue, Oakland, CA.
16 (4)  Plaintiff has established that the following material facts
17     exist without substantial controversy.
18     (a)   Farin Namdaran and F. Namdaran are Debtor's mother.
19     (b)   R. Rad is Debtor.
20     (c)   Debtor's mother is the trustee and beneficiary of the
21          Coast Development Trust.  There is no document evidencing
22          the creation of the Coast Development Trust.
23     (d)   Debtor's mother is the trustee and beneficiary of the
24          Advanta Trust.  There is no document evidencing the
25          creation of the Advanta Trust.
26     (e)   Debtor is the trustee and beneficiary of the Allied
27          Management Trust.
28     (f)   All of the facts set forth in the table below.

ORDER RE CROSS MOTIONS
FOR SUMMARY JUDGMENT      -3-

| Date | Event |
|------|-------|
| 8/14/92 | "Ramin Yeganeh, an unmarried man" takes title to the real property at 627 Prospect Row, San Mateo, CA, one of the three San Mateo Properties. |
| 1/27/94 | "Ramin Yeganeh, an unmarried man" takes title to the real property at 48 N. Grant St., San Mateo, CA, one of the three San Mateo Properties. |
| 6/1/94 | "Ramin Yeganeh, an unmarried man" takes title to the real property at 718 E. 4th St., San Mateo, CA, one of the three San Mateo Properties. |
| 9/14/98 | "Ramin Yeganeh, a single man" takes title to the real property at 6853 Simson St., Oakland, CA, one of the two East Bay Properties. |
| 10/8/98 | "Ramin Yeganeh, a single man" takes title to the real property at 394 Sparling Drive, Hayward, CA, one of the two East Bay Properties. |
| 4/7/99 | "Ramin Yeganeh, a single man" takes title to the real property at 1659 Linda Mar Blvd, Pacifica, CA, one of the three Peninsula Properties. |
| 6/25/99 | "Ramin Yeganeh, a single man" takes title to the real properties at 115 Francisco Dr., South San Francisco, CA and 139 Francisco Drive, South San Francisco, CA, two of the three Peninsula Properties. |
| 1999 | Debtor discards or destroys records regarding the San Mateo Properties, the East Bay Properties, and the Peninsula Properties.  Debtor destroys or discards mortgage loan documents, property tax statements, lease agreements, evidence of lease payments received, records of improvements, repair invoices, property insurance statements, and utilities statements. |
| 9/8/99 | Debtor is arrested and his business records are seized; he is charged with violations of the criminal provisions of Cal. Civ. Code § 2945 re business practices of mortgage foreclosure consultants. |
| 10/4/99 | Wobogo files suit against Debtor under Cal. Bus. & Prof. Code § 17200 in San Mateo County Superior Court (Superior Court), Case No. 410586 (State-Court Action); 27 victims allege in the complaint that Debtor unlawfully foreclosed mortgages. |
| 3/20/01 | Debtor pleads no contest to four separate felony counts under Cal. Civ. Code § 2945.4(g), involving four victims.  Debtor is sentenced to five years probation, his broker's license is suspended, and he is ordered not to engage in mortgage broker activity. |

ORDER RE CROSS MOTIONS
FOR SUMMARY JUDGMENT          -4-

| | | |
|---|---|---|
| 6/28/01 | Debtor transfers the three Peninsula Properties to "F. Namdaran, a single woman" (Debtor's mother).  No consideration was paid for the transfers.  A motion for summary judgment was pending in the State-Court Action on the date the Peninsula Properties were transferred. |
| 7/30/01 | Superior Court grants plaintiffs' motion for summary judgment, determining that Debtor violated Cal. Bus & Prof. Code § 17200; restitution hearings commence. |
| 7/31/01 | Debtor transfers the three San Mateo Properties to the Coast Development Trust (in which Debtor's mother is the trustee and beneficiary).  No consideration was paid for the transfers. |
| 8/1/01 | Debtor files chapter 13 bankruptcy case; on petition, Debtor uses an incomplete and inaccurate spelling of his name and the wrong home address. |
| 8/2/01 | Debtor voluntarily dismisses his chapter 13 case. |
| 8/10/01 | In State-Court Action, the plaintiffs file an application for temporary restraining order to prohibit Debtor from transferring any real property. |
| 9/24/01 | Debtor transfers the East Bay Properties to the Advanta Trust (in which Debtor's mother is the trustee and beneficiary).  No consideration was paid for the transfers.  After transferring these properties, Debtor continues to collect the rental income from the properties and does not turn over the rent to his mother. |
| 10/3/01 | The Superior Court grants an order modifying the preliminary injunction, which prohibits Debtor from conducting or engaging in certain real property transactions. |
| 4/18/02 | Debtor testifies under oath in the Superior Court: (i) that F. Namdaran was a man named "Fred" or a woman whose name he could not recall; and (ii) that R. Rad was Rick Rad, that his relationship with R. Rad was none. |
| June 2002 | Under the name "R. Rad, a single man", Debtor acquires title to 2462 Taylor Avenue, Oakland, CA, one of the five Oakland Properties. |
| Sept. 2002 | Under the name "R. Rad, a single man", Debtor acquires title to 2300 Auseon Avenue, Oakland, CA (Auseon Property), one of the five Oakland Properties. |
| Nov. 2002 | Under the name "R. Rad, a single man", Debtor acquires title to 1012 73rd Avenue, Oakland, CA, one of the five Oakland Properties. |

ORDER RE CROSS MOTIONS
FOR SUMMARY JUDGMENT          -5-

| Dec. 2002 | Under the name "R. Rad, a single man", Debtor acquires title to 1278 79th Avenue, Oakland, CA, one of the five Oakland Properties. |
|---|---|
| January 2003 | Under the name "R. Rad, a single man", Debtor acquires title to 1086 69th Avenue, Oakland, CA, one of the five Oakland Properties. |
| 3/21/03 | R. Rad, who is Debtor, transfers all of the Oakland Properties, except the Auseon Property, to the Allied Management Trust, of which Debtor is the trustee and beneficiary. |
| 5/6/03 | R. Rad, who is Debtor, transfers the Auseon Property to the Allied Management Trust, of which Debtor is the trustee and beneficiary. |
| 6/20/03 | Superior Court finds Debtor guilty of contempt due to Debtor's transfer of the Oakland Properties in violation of the preliminary injunction.  Superior Court sentences Debtor to 36 days in jail. |
| 6/3/04 | $270K judgment entered in State-Court Action. |
| 9/9/04 | Supplemental judgment entered in the State-Court Action adding $130K prejudgment interest, $3,452,803 attorneys' fees, and $32,458 costs to the judgment (collectively, the Judgment). |
| 1/7/05 | Debtor files chapter 13 bankruptcy case.  Debtor is not eligible for chapter 13 relief because his debts, including the more than $3.8 million Judgment, exceed the chapter 13 debt eligibility limits (as of the petition date: noncontingent, liquidated, unsecured debts of less than $307,765 and noncontingent, liquidated, secured debts of less than $922,975). |
| 1/21/05 | Debtor's bankruptcy case is converted to chapter 7 because Debtor is not eligible for chapter 13 relief. |
| 2/22/05 | Four days after the trustee filed adversary proceedings against Debtor to recover the San Mateo Properties, the East Bay Properties, the Peninsula Properties, and the Oakland Properties, Debtor transfers the San Mateo Properties to F. Namdaran (Debtor's mother). |
| 2/25/05 | Debtor files schedules in his bankruptcy case.  Debtor does not list in his schedules any of the San Mateo Properties, the East Bay Properties, the Peninsula Properties, or the Oakland Properties. |
| 6/1/05 | Debtor testifies under oath at his 2004 examination that he doesn't remember why he didn't put his home address on the bankruptcy petition he filed in 2001, but that it may have been because he didn't want his credit affected. |

ORDER RE CROSS MOTIONS
FOR SUMMARY JUDGMENT          -6-

1   (5)  The following issues are reserved for trial, as limited by

2        paragraph (6) below:

3        (a)  whether Debtor retained other real or personal property

4             after he transferred the San Mateo, East Bay, Peninsula,

5             and Oakland Properties (collectively, the "**Properties**");

6        (b)  whether Debtor was insolvent on the date the transfers

7             were made or became insolvent as a result of the

8             transfers; and

9        (c)  whether Debtor made the transfers with actual intent to

10            hinder, delay, or defraud creditors.

11  (6)  Pursuant to this court's October 13, 2006 Order re Cross

12       Motions to Preclude or Compel:

13       (a)  Defendants are precluded from introducing any evidence

14            that Defendants, rather than Debtor, were the true

15            (equitable) owners of the Properties before the transfers

16            at issue.

17       (b)  Defendants are precluded from introducing any evidence

18            that they paid Debtor consideration in connection with the

19            transfers at issue.

20       (c)  Except as provided in subparagraph (6)(d) below,

21            Defendants are authorized to introduce Debtor's testimony

22            and any documents already produced regarding: (i) whether

23            the badges of fraud indicate intent to hinder, delay, or

24            defraud creditors; and (ii) insolvency at the time of or

25            as a result of the transfers at issue.

26       (d)  In addressing the issues identified in subparagraph (6)(c)

27            above, Defendants are precluded from introducing any

28            evidence that Defendants rather than Debtor were the true

ORDER RE CROSS MOTIONS
FOR SUMMARY JUDGMENT            -7-

1    (equitable) owners of the Properties before the transfers

2    at issue or any evidence that Defendants paid any

3    consideration in connection with the transfers at issue.

4                            **END OF ORDER**

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER RE CROSS MOTIONS
FOR SUMMARY JUDGMENT                    -8-

1                          **COURT SERVICE LIST**

2 Jeffrey L. Fillerup, Esq.
Luce, Forward, Hamilton & Scripps LLP
3 121 Spear St., Ste. 200
San Francisco, CA 94105
4
Nhung Le, Esq.
5 Luce, Forward, Hamilton & Scripps LLP
121 Spear St., Ste. 200
6 San Francisco, CA 94105

7 Jonathan G. Chance, Esq.
JC Law Office
8 1605 Middlefield Rd.
Redwood City, CA 94063
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT B

# EXHIBIT B

1   Charles P. Maher, State Bar No. 124748
    LUCE, FORWARD, HAMILTON & SCRIPPS LLP
2   Rincon Center II, 121 Spear Street, Suite 200
    San Francisco, California 94105-1582
3   Telephone No.: 415.356.4600
    Fax No.: 415.356.4610
4   E-Mail: cmaher@luce.com

5

6   Attorneys for Appellee
    Andrea A. Wirum, Successor-in-Interest to
7   Charles E. Sims

8

9                        UNITED STATES DISTRICT COURT

10                      NORTHERN DISTRICT OF CALIFORNIA

11

12
    In Re RAMIN YEGANEH,                      Case No. C 07-03256 JSW
13
            Debtor,
14

15  _____         Bankruptcy Case No. 05-30047 TEC
                                               Adversary Pro. No. 05-3241 TEC
16  CHARLES E. SIMS, Trustee,

17          Plaintiff/Appellee,

18  v.

19  ALLIED MANAGEMENT TRUST, and KEN          **STIPULATION**
    YEGANEH,
20
            Defendants/Appellants.
21

22  _____

23          Andrea A. Wirum, Trustee in Bankruptcy of the estate of the above Debtor and Appellee in the

24  above appeal as successor-in-interest to Charles E. Sims, and Allied Management Trust, F. Namdaran

25  aka Farin Yeganeh, Coast Development Trust, Advanta Trust, and K. Yeganeh, through their counsel,

26  stipulate as follows:

27          1.      Currently pending before the Honorable Jeffrey S. White is the appeal from a summary

28  judgment entered by the United States Bankruptcy Court in Adversary Proceeding No. 05-3241.

                                              1

2.       Three other adversary proceedings involving the above parties are also pending before the Bankruptcy Court

3.       By identical order dated February 28, 2008, filed in each of the other three pending adversary proceedings, the Bankruptcy Court (a) denied the motions of the Defendants in each adversary proceeding for summary judgment against Plaintiff, and (b) denied Plaintiff's motions for summary judgment.

4.       The Defendants filed notices of appeal of the February 28, 2008, order in each adversary proceeding on March 6, 2008, giving rise to the following District Court cases:

(a)      District Court Case No. c-08-01399 CW (Sims v. F. Namdaran)

(b)      District Court Case No. c-08-01400 MHP (Sims v. Coast Development Trust)

(c)      District Court Case No. c-08-01401 JSW (Sims v. Advanta Trust)

5.       Andrea A. Wirum, as Appellee in each of the four above District Court cases, and the Appellants collectively agree that the three appeals recently transmitted to the District Court should be considered cases that are related to the above case entitled Sims v. Allied Management Trust.

6.       The parties consent to an order determining that all of the above cases are related cases and that the cases not currently assigned to the Honorable Jeffrey S. White should be reassigned to the Honorable Jeffrey S. White.

DATED: March 24, 2008            LUCE, FORWARD, HAMILTON & SCRIPPS LLP

By: _____
   Charles P. Maher
   Counsel for Andrea A. Wirum, successor-in-interest to
   Charles E. Sims

DATED: March 7, 2008            LAW OFFICES OF WILLIAM GILG

By: _____
   William Gilg
   Counsel for Allied Management, Trust, K. Yeganeh, F
   Namdaran aka Farin Yeganeh, Coast Development Trust,
   and Advanta Trust

301051839 1

2

# EXHIBIT C

# EXHIBIT C

1  Charles P. Maher, State Bar No. 124748
   LUCE, FORWARD, HAMILTON & SCRIPPS LLP
2  Rincon Center II, 121 Spear Street, Suite 200
   San Francisco, California 94105-1582
3  Telephone No.: 415.356.4600
   Fax No.: 415.356.4610
4  E-Mail: cmaher@luce.com

5

6  Attorneys for Appellee
   Andrea A. Wirum, Successor-in-Interest to
7  Charles E. Sims

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11
   In Re RAMIN YEGANEH,                    Case No. C 07-03256 JSW
12
          Debtor,
13
   ─────────────────────────────
14                                         Bankruptcy Case No. 05-30047 TEC
   CHARLES E. SIMS, Trustee,               Adversary Pro. No. 05-3241 TEC
15
          Plaintiff/Appellee,
16
   v.
17
18 ALLIED MANAGEMENT TRUST, and KEN        **RELATED CASE ORDER**
   YEGANEH,
19
          Defendants/Appellants.
20

21

22         An administrative motion to consider whether cases should be related has been filed for an

23 order that the following cases are related within the meaning of Civil Local Rule 3-12(a):

24         (a)    C-08-01401 JSW:  Charles E. Sims v. Advanta Trust

25         (b)    C-08-01400 MHP:  Charles E. Sims v. Coast Development Trust

26         (c)    C-08-01399 CW:  Charles E. Sims v. F. Namdaran

27         (d)    C-07-03256 JSW:  Charles E. Sims v. Allied Management Trust

28

                                          1

1

ORDER

2        The Appellants and Appellee in each of the above appeals from Bankruptcy Court orders have

3    stipulated that the cases are related as defined by Civil Local Rule 3-12(a).  On the basis of the

4    materials submitted to the Court, as the Judge assigns the earliest filed case, I find that the cases:

5        [  ]  ARE NOT RELATED as defined by Civil Local Rule 3-12(a).

6        [  ]  ARE RELATED as defined by Civil Local Rule 3-12(a).  Pursuant to Civil Local Rule 3-

7    12(f), the Clerk of the Court is ordered to reassign the later-filed actions to the undersigned.  Counsel

8    are instructed that all future filings are to bear the initials JSW immediately after the case number.  All

9    matters presently scheduled for hearing in the reassigned cases are vacated and must be re-noticed for

10   hearing before the undersigned.

11

12

13   Dated: _____          _____

14                                        UNITED STATES DISTRICT JUDGE

15

16

17                           CERTIFICATE OF SERVICE

18        I certify that on the date stated below I lodged a copy of this order with each judicial officer

19   and I mailed a copy to each counsel of record in the cases listed above.

20

21                                        Richard W. Wieking, Clerk

22

23   Dated: _____          _____

24                                        Deputy Clerk

25

26

27   301034312 1

28

2

1 │ Charles P. Maher, State Bar No. 124748
  │ LUCE, FORWARD, HAMILTON & SCRIPPS LLP
2 │ Rincon Center II, 121 Spear Street, Suite 200
  │ San Francisco, California 94105-1582
3 │ Telephone No.: 415.356.4600
  │ Fax No.: 415.356.4610
4 │ E-Mail: cmaher@luce.com

5

  │ Attorneys for Appellee
6 │ Andrea A. Wirum, Successor-in-Interest to
  │ Charles E. Sims

7

8                     UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11 │ In Re RAMIN YEGANEH,                  │ Case No. C 07-03256 JSW

12 │        Debtor,

13 │ ─────────────────────────────

14 │ CHARLES E. SIMS, Trustee,             │ Bankruptcy Case No. 05-30047 TEC
   │                                       │ Adversary Pro. No. 05-3241 TEC
15 │        Plaintiff/Appellee,

16 │ v.

17 │ ALLIED MANAGEMENT TRUST, and KEN      │ **CERTIFICATE OF SERVICE BY MAIL**
18 │ YEGANEH,

19 │        Defendants/Appellants.

20 │ ─────────────────────────────

21

22 │        I, Nelly M. Quintanilla, declare that:

23 │        1.      I am employed in the City and County of San Francisco, California.  My business

24 │ address is 121 Spear Street, Ste. 200, San Francisco, California 94105.  I am over the age of 18

25 │ years and not a party to the above-entitled action.  I work in the office of a member of the bar of

26 │ this Court, at whose direction the service was made.

27 │        2.      I am familiar with Luce, Forward, Hamilton & Scripps, LLP's, practice whereby

28 │ each document is placed in an envelope, the envelope is sealed, the appropriate postage is placed

1    thereon and the sealed envelope is placed in the office mail receptacle.  Each day the mail is

2    collected and deposited in a United States postal mailbox at or before the close of business each

3    day.

4         3.    On this date, I served the following documents:

5         **Administrative Motion to Consider Whether Cases Should be Related**

6         **Declaration of Charles P. Maher in Support of Administrative Motion**

7         **Certificate of Service by Mail**

8

9    by placing a true copy thereof enclosed in a sealed envelope, postage thereon fully prepaid, in the

10   designated area for outgoing mail at San Francisco, California, which envelopes were addressed to

11   the following persons:

12

13   William E. Gilg, Esq.
     305 San Bruno Avenue West
14   San Bruno, CA  94066

15

16

17        I declare under penalty of perjury that the foregoing is true and correct to the best of my

18   knowledge.  Executed on March 25, 2008, in San Francisco, California.

19

20

21   _____

22   Nelly M. Quintanilla

23

24   301034405.1

25

26

27

28